UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM HOWARD WARREN,**

      **Petitioner,**

v.                                                                                              **CASE NO. 6:14-cv-109-Orl-37TBS**

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

      **Respondents.**
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner's petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. 1). Upon consideration of the Petition, the Court ordered Respondents to show cause why the relief sought in the Petition should not be granted. Thereafter, Respondents filed a Response to the Petition in compliance with this Court's instructions. (Doc. 8). Petitioner filed a Reply and two amended Replies to the Response. (Doc. 17).

Petitioner asserts five grounds for relief in his petition. For the following reasons, the petition is denied.

**I.     PROCEDURAL History**

Petitioner was charged by indictment with first degree murder with a firearm (count one) and abuse of a dead human body (count two). (Doc. 9 at 6). A jury found Petitioner guilty of the lesser-included offense of second degree murder as to count one and not guilty of count two. (Doc. 9-6 at 44-47). The trial court sentenced Petitioner to a thirty-year term of imprisonment. (Doc. 9-6 at 65-66). Petitioner appealed, but he voluntarily dismissed his appeal. (Doc. 9-6 at 88-91).

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Doc. 9-7 at 2-20). The state court denied the Rule 3.850 motion. (*Id*. at 22-25). Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (*Id*. at 70).

Petitioner filed a state habeas petition and an amended petition, alleging ineffective assistance of appellate counsel. (Doc. Nos. 9-7 at 94-103, 9-8 at 1-27). The Fifth DCA summarily denied the petitions. (Doc. 9-8 at 82).

## II.  LEGAL STANDARDS

### A.  Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court

> arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Standard For Ineffective Assistance Of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The Eleventh Circuit Court of Appeals has applied *Strickland* to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991); *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). "[T]he only question under the prejudice prong of the *Strickland* test is whether there was a reasonable probability that the appellate court, [had appellate counsel not been deficient,] . . . would have granted [the petitioner] a new trial." *Ferrell v. Hall*, 640 F.3d 1199, 1236 (11th Cir. 2011) (quoting *Clark v. Crosby,* 335 F.3d 1303, 1312 n. 9 (11th Cir. 2003)).

### III.  ANALYSIS

#### A.  Grounds One, Two, Three, And Five

Grounds one, two, three, and five are premised on the argument that Petitioner was improperly convicted as a principal although he was not charged in the indictment with acting as a principal. In ground one, Petitioner asserts that trial counsel rendered ineffective assistance by failing to object to his conviction for the "uncharged crime of principal. . . ." (Doc. 1 at 5). Petitioner maintains in grounds two and three respectively that appellate counsel rendered ineffective assistance by failing to raise as fundamental error that he was convicted of an uncharged crime and the trial court erred by giving a principal jury instruction. (*Id.* at 7). Similarly, Petitioner contends in ground five that appellate counsel was ineffective for failing to argue that fundamental error occurred based on the trial court's "constructive amendment" of the indictment by giving the principal jury instruction. (*Id.* at 12).

Petitioner raised ground one in his Rule 3.850 motion.   The state court denied ground one reasoning that under Florida law, the indictment did not have to charge Petitioner as a principal or name another participant in the offense for the trial court to give the principal jury instruction. (Doc. 9-7 at 23-24). Petitioner raised grounds two, three, and five in his state habeas petitions. The Fifth DCA summarily denied relief. (Doc. 9-8 at 82).

In the instant case, the indictment charged Petitioner with first degree murder of Andrew Johnson ("Johnson") with the use of a firearm. (Doc. 9 at 6). Evidence was presented at trial that Petitioner and Corey Turney[2] ("Turney") pointed guns at Johnson, Turney shot Johnson in the face, and Petitioner subsequently fired four shots near or into Johnson (Doc. Nos. 9-1 at 87; 9-2 at 40-43, 62-63; 9-3 at 8-9, 21-22).

The Supreme Court of Florida has held that "the failure to indict another or others along

---

[2] Turney was tried in a separate trial.

with the defendant or the failure to indict him singly as an aider or abettor is [not] . . . contrary to essential requirements of law." *Newman v. State*, 196 So.2d 897, 900 (Fla. 1967). Moreover, "[u]nder Florida law, a person who is charged in an indictment or information with commission of a crime may be convicted on proof that [he] aided or abetted in the commission of such crime." *State v. Larzelere*, 979 So. 2d 195, 215 (Fla. 2008) (citing *State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971)). Thus, pursuant to Florida law, "if an information charges a defendant with a substantive crime, . . . and the proof establishes only that he was feloniously present, aiding, and abetting in the commission of the crime, a verdict of guilty as charged should be sustained." *Watkins v. State*, 826 So. 2d 471, 474 (Fla. 1st DCA 2002) (citing *Roby*, 246 So. 2d at 571, and *Jacobs v. State*, 184 So. 2d 711, 715 (Fla. 1st DCA 1966)). Consequently, the state court properly instructed the jury on the principal theory.

Petitioner has not cited any Florida law, nor is this Court aware of any, requiring the State to charge the defendant as a principal to the offense. *See, e.g., Hampton v. State,* 336 So.2d 378, 380 (Fla. App. 1976) ("[I]t has long been the law of this state that it is immaterial whether the indictment or information alleges that the defendant committed the crime or was merely aiding and abetting in its commission, as long as the proof establishes that he was guilty of either one of the acts prescribed by the statute."). Trial and appellate counsel, therefore, were not deficient for failing to object or raise as error the use of the principal jury instruction, the "constructive amendment" of the indictment, or that Petitioner was convicted of a crime not charged. Petitioner further has not established that a reasonable probability exists that such objections or arguments would have been sustained at trial or been successful on appeal. Accordingly, grounds one, two, three, and five are denied pursuant to section 2254(d).

### B. Ground Four

Petitioner asserts that appellate counsel rendered ineffective assistance by giving him

erroneous advice, which caused him to dismiss his direct appeal. Specifically, Petitioner complains that appellate counsel incorrectly advised him that the State could file a cross-appeal, and if it did so and was successful, the appellate court would remand the case with instructions to impose a mandatory minimum term. (Doc. 2 at 12-15). Petitioner maintains that even assuming the State had been permitted to file an untimely cross-appeal, the appellate court was precluded as a matter of law from remanding the case for the imposition of a mandatory minimum term.

Petitioner raised this claim in his state habeas petitions. The Fifth DCA summarily denied relief. (Doc. 9-8 at 82).

The record reflects that the State sought the imposition of a ten-year mandatory minimum term under the 10-20-life statute, section 775.087(2)(a)(1), Florida Statutes based on Petitioner's use of a firearm. (Doc. 9-6 at 66-68). The trial court refused to impose the minimum term because the State had not alleged in the indictment that Petitioner actually possessed a firearm. (*Id.*). The State objected to the trial court's ruling. (*Id.*).3

Appellate counsel filed a notice of appeal. Subsequently, appellate counsel advised Petitioner *inter alia* that the State could possibly cross-appeal and raise the issue of the trial court's failure to impose the ten-year mandatory minimum term. (Doc. 9-8 at 32). Counsel told Petitioner that if the State appealed and was successful, then the case would be remanded with instructions to impose the mandatory minimum. (*Id.*).

Petitioner has failed to demonstrate deficient performance or prejudice based on appellate counsel's advice. Florida courts have held that "[t]he filing period for a notice of cross appeal by the state in a criminal case is procedural rather than jurisdictional. The filing period may be extended for good cause where the defendant will not suffer prejudice or be deprived of adequate

---

[3] The effect of the enhancement in Petitioner's circumstances would be to render him ineligible for accumulation of "gain time" during the first ten years of his thirty year sentence. *See* Doc. 9-6 at 67; *see also* Fla. Stat. § 775.087(2)(b)(2011).

notice." *Larry v. State*, 593 So. 2d 581, 581 (Fla.1st DCA 1992) (citing *Walker v. State*, 457 So. 2d 1136, 1137 (Fla. 1st DCA 1984)). Therefore, appellate counsel did not err in advising Petitioner that the State could possibly file a cross-appeal.

Moreover, counsel did not improperly advise Petitioner that the State could potentially prevail. Contrary to Petitioner's contention otherwise, Florida courts have directed the imposition of a ten-year mandatory minimum under section 775.087(2)(a)(1) where the information charged the "use of a firearm" and the jury made a finding that the defendant discharged a firearm. *See, e.g., Whitehead v. State* 884 So. 2d 139, 140 (Fla. 2d DCA 2004); *see also Altieri v. State*, 835 So. 2d 1181, 1185 (Fla. 4th DCA 2002). Thus, a successful cross-appeal by the State was possible.

Finally, even assuming counsel improperly advised Petitioner regarding the possibility of the State cross-appealing, Petitioner has not established that prejudice resulted. Petitioner has not demonstrated that he had any meritorious appellate claims. As a result, a reasonable probability does not exist that Petitioner would have been granted a new trial absent counsel's purported erroneous advice. Accordingly, ground four is denied pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when

a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) filed by William Howard Warren is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, on July 31st, 2015.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1
Counsel of Record
William Howard Warren